UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IMAD FAIEZ HAMDAN

CIVIL ACTION

VERSUS

NUMBER 15-412-BAJ-SCR

TIGER BROTHERS FOOD MART, INC.

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 3, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IMAD FAIEZ HAMDAN

CIVIL ACTION

VERSUS

NUMBER 15-412-BAJ-SCR

TIGER BROTHERS FOOD MART, INC.

**MAGISTRATE JUDGE'S REPORT**[1]

Before the court is the Motion to Strike Answer filed by plaintiff Imad Faiez Hamdan. Record document number 14. Defendant filed an opposition.[2]

The clerk of court entered a default against the defendant,[3] which has not been set aside, and the defendant did not move to do so. Instead, the defendant filed out-of-time and without leave of court the Defendant's Answer and Defenses.[4] Defendant cited no rule or statute or case which allows it to simply file an answer in these circumstances.[5] Insofar as the defendant argued that it

---

[1] Because granting the plaintiff's Motion to Strike Answer would effectively be dispositive of the defenses asserted in the Defendant's Answer and Defenses, pursuant to Rule 72(b)(1), Fed.R.Civ.P., a report and recommendation is required.

[2] Record document number 15.

[3] Record document number 10.

[4] Record document number 13.

[5] Plaintiff repeatedly cited the decision in *J&J Sports Productions, Inc. v. KCK Holdings, LLC*, 2015 WL 4656714 (M.D. La. 2015), regarding the factors the court must consider when deciding whether enter a default judgment. But in that case, the district
(continued...)

attempted in good faith to respond to the Complaint, the argument is unpersuasive. Defendant knew - because its representative Eyad Khaled knew - by late July 2015 that Eyad Khaled could not represent it in this case. Contrary to the assertion in the defendant's opposition, it did not seek to "immediately rectify the situation." Rather, three months later, and only after the plaintiff filed a Motion for Entry of Default Judgment, did it file an answer through counsel. Insofar as the defendant argued that "Khaled has not been an unresponsive party," this argument is not persuasive because Khaled is not a party - the defendant is Tiger Brothers Food Mart, Inc. Defendant, Tiger Brothers Food Mart, Inc., was unresponsive until it was facing entry of a default judgment. Furthermore, the defendant has not filed an opposition to the plaintiff's Motion for Entry of Default Judgment.[6]

---

[5](...continued)
judge also addressed in a Ruling and Order the factors the court must consider when deciding whether to set aside an entry of default and grant a motion for leave to file an answer. CV 14-269-BAJ-SCR, record document number 38. In its opposition memorandum the defendant did not mention that Ruling and Order nor address the relevant factors.

[6] The Motion for Entry of Default Judgment was filed October 21, 2015, and has not yet been set for a hearing as contemplated by Rule 55(b)(2), Fed.R.Civ.P. The last date to file an opposition was November 16, 2015. Local Rule 7(f) (opposition due 21 days after service of a motion) and Rule 6(d), Fed.R.Civ.P. (adding three days to act when service is made by mail or by electronic means). Defendant's Memorandum in Opposition to Motion to Strike includes arguments which address the factors the court must consider when determining whether to enter a default judgment, but that memorandum was not filed until December 2, 2015.

Consideration of the parties' arguments and authorities cited by them supports finding that the plaintiff's arguments have merit and the defendant's do not. Whether the defendant should be permitted to file an answer out-of-time is best determined in conjunction with the ruling on the plaintiff's Motion for Entry of Default Judgment.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Strike Answer filed by plaintiff Imad Faiez Hamdan be granted.[7]

Baton Rouge, Louisiana, December 3, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] This recommendation will become moot if the district judge denies the plaintiff's Motion for Entry of Default Judgment, and in the course of doing so also sets the default aside and grants the defendant leave to file an out-of-time answer.