UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IMAD FAIEZ HAMDAN                                        CIVIL ACTION

VERSUS

TIGER BROTHERS FOOD MART,                       NO.:15-00412-BAJ-SCR
INC.

RULING AND ORDER

Before the Court, pursuant to 28 U.S.C. § 636(b)(1), is the United States

Magistrate Judge's **Report and Recommendation (Doc. 16)** on Imad Faiez

Hamdan's ("Plaintiff") **Motion to Strike Answer (Doc. 14)**. Also before the Court

are Tiger Brothers Food Mart, Inc.'s ("Defendant") **Motion for Leave of Court to**

**File Out of Time Answer (Doc. 17)** and **Motion to Set Aside Default Judgment**

**Entered by the Clerk of Court (Doc. 21)**. The Defendant filed an opposition to the

Motion to Strike Answer, (Doc. 15), and the Plaintiff filed oppositions to the Motion

for Leave of Court to File Out of Time Answer, (Doc. 23) and the Motion to Set Aside

Default Judgment Entered by the Clerk of Court, (Doc. 22).

I.      BACKGROUND

This action was initiated by the Plaintiff on June 24, 2015. (Doc. 1). The

Defendant was served with the Complaint on June 30, 2015, and the Defendant's

purported answer was due on July 20, 2015. (Doc. 5). On July 10, 2015, the Defendant

filed an answer to the Complaint, signed by its agent and officer, Eyad Khaled. (Doc.

6).  Mr. Khaled, however, is not an attorney and the Court struck the answer from

the record finding that, as a corporate entity, the Defendant must be represented by an attorney licensed to practice law and admitted to practice in this Court. (Doc. 8).

On July 22, 2015, the Plaintiff filed a Motion for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), (Doc. 9). The Clerk of Court entered a default against the Defendant on July 27, 2015, (Doc. 10), and the Plaintiff filed a Motion for Entry of Default Judgment pursuant to Rule 55(b) on October 21, 2015, (Doc. 12). On October 26, 2015, the Defendant eventually retained counsel, (Doc. 15 at p. 4), who filed an answer on October 27, 2015, (Doc. 13).

## II.    MOTION TO STRIKE ANSWER

On December 3, 2015, the United States Magistrate Judge issued a Report and Recommendation, recommending that the Plaintiff's Motion to Strike Answer (Doc. 14) be granted. The Magistrate Judge found, and the undersigned agrees, that the Defendant improperly filed an answer without seeking leave of court and without moving the Court to set aside the default.

The Magistrate Judge's Report and Recommendation specifically notified the Defendant that, pursuant to 28 U.S.C. § 636(b)(1), it had fourteen (14) days from the date it received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 16 at p. 1).  No objection was filed by the Defendant.

Having carefully considered the Plaintiff's Motion to Strike Answer and the Defendant's opposition thereto, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and

2

recommendations. Accordingly, the Plaintiff's Motion to Strike is **GRANTED** and the Defendant's Answer (Doc. 13) is **STRICKEN** from the record.

### III.   MOTION FOR LEAVE OF COURT TO FILE OUT OF TIME ANSWER

After the Magistrate Judge issued the Report and Recommendation on the Plaintiff's Motion to Strike Answer, the Defendant filed a Motion for Leave of Court to File Out of Time Answer. The Defendant contends that an answer was not timely and properly filed because its agent and officer, Mr. Khaled, is "not an attorney and not familiar with the intricacies of the legal system." (Doc. 17 at p. 2).

Whenever a party seeks to act beyond a set deadline, it must demonstrate good cause or excusable neglect for acting after the deadline expired. Fed. R. Civ. P. 6(b)(1). The Defendant's contention that Mr. Khaled is not familiar with the legal system is not good cause or excusable neglect. An individual's decision to attempt to represent him or herself "does not exempt [that] party from compliance with relevant rules of procedural and substantive law." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)); *see also Hutchinson v. Dollar Gen. Corp.*, No. 07-574, 2008 WL 1803778, at *4 (M.D. La. Apr. 18, 2008) ("Plaintiffs, as pro se litigants, assume all responsibility for their own inadequacies and lack of knowledge of procedural and substantive laws.").

Additionally, the Court struck the improperly filed answer on July 20, 2015, but the Defendant waited over three months to retain an attorney. As exhibited from the Defendant's dilatory conduct and delay, the Defendant acted with apathy toward

3

this litigation. As such, leave of court is not warranted. The Defendant's Motion for Leave of Court to File Out of Time Answer is **DENIED**.

## IV.   MOTION TO SET ASIDE DEFAULT JUDGMENT

The Defendant also filed a Motion to Set Aside Default Judgment after the Magistrate Judge issued the Report and Recommendation. However, the Defendant's motion is not procedurally proper, as a default judgment has not been entered in this action. After the Clerk of Court entered a default pursuant to Rule 55(a), the Plaintiff filed a Motion for Entry of Default Judgment (Doc. 12) pursuant to Rule 55(b). The Motion for Entry of Default Judgment is still pending before the Court. Thus, the Defendant's motion is **DENIED** as premature.[1]

## V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Magistrate Judge's **Report and Recommendation (Doc. 16)** is **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Strike Answer (Doc. 14)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's Answer (Doc. 13) is **STRICKEN** from the record.

---

[1] In its motion, the Defendant contends that the entry of the default pursuant to Rule 55(a) was procedurally improper. (Doc. 21 at p.2). Nonetheless, the entirety of the Defendant's memorandum in support only references a non-existent default judgment and argues the inadequacy of the default judgment under Rule 55(b). As the motion itself is devoid of any substantive arguments, the Court must rely on the procedurally improper and premature arguments advanced in the memorandum in support.

IT IS FURTHER ORDERED that the Defendant's **Motion for Leave of Court to File Out of Time Answer (Doc. 17)** is **DENIED**.

IT IS FURTHER ORDERED that the Defendant's **Motion to Set Aside Default Judgment (Doc. 21)** is **DENIED**.

Baton Rouge, Louisiana, this _11th_ day of January, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**