UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IMAD FAIEZ HAMDAN** | * | **CIVIL ACTION NO. 3:15-cv-00412** |
| *Plaintiff* | * | |
| | * | **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE ERIN** |
| **TIGER BROTHERS FOOD MART** | * | **WILDER-DOOMES** |
| **INC.** | * | |
| | * | |
| *Defendant* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR DAMAGES</u>**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Imad Faiez Hamdan, who respectfully moves this Court for a Final Judgment. On March 22, 2016, the District Court issued a Ruling and Order (Rec. Doc. 27) awarding Plaintiff a Default Judgment against Defendant Tiger Brothers Food Mart, Inc. ("TBFM") and a permanent injunction ordering Tiger Brothers Food Mart from using "BROTHER'S" or "BROTHERS FOOD MART" in connection with its business. The District Court referred the issue of Defendant's profits and the damages sustained by Plaintiff to the Magistrate Judge. The District Court awarded Plaintiff attorney fees pursuant to 15 U.S.C. §1117 and also referred the issue to the Magistrate Judge to determine the amount of the reasonable attorney fees to be awarded. The District Court further ordered that a Final Judgment shall issue by separate order. For the reasons explained below, Plaintiff moves this Court to enter a final judgment awarding $713,897.05 (to be increased after counsel for Plaintiff accounts for time for the remainder of this litigation).

1

**I. Profits and Damages**

"Upon a successful claim under 15 U.S.C. §1125, a plaintiff shall be entitled to recover the Defendant's profits, damages sustained by the plaintiff, and the costs of the action."  Rec. Doc. 27, pages 11-12.  "The awarding of profits is not automatic and is within the discretion of the court."  Rec. Doc. 27, page 12.  "Because Plaintiff has not alleged specific damages and Defendant's profits have not been calculated, a hearing is necessary to determine the appropriateness of awarding profits, and if appropriate, to calculate a just amount."  Rec. Doc. 27, page 12.

Plaintiff asserts that he is entitled to Defendant's profits.  At the outset, Defendant was infringing Plaintiff's trademarks from at least March 2015 through at least March 2016.  Further, obtaining discovery responses from Defendant has been difficult.  Plaintiff originally only received Defendant's bank statements (Attached as Exhibit B) and later was supplemented with copies of alleged Sales and Tax Use Reports (Attached as Exhibit A) and an unsigned 2015 Federal Tax Return (Attached as Exhibit C) which appears to be incomplete and has no supporting evidence and it is not known whether it was actually filed.  The data received only includes gross numbers and does not itemize any of the revenue flow.  Attached as Exhibit F are the first written responses to Plaintiff's discovery and attached as Exhibit G are the second written responses to Plaintiff's discovery.

The adjusted gross sales data in the chart below is based on Defendant's Sales and Use Tax Reports submitted to Baton Rouge and attached as Exhibit A.  Defendant reported $413,594 for sales in 2015 and $579,119 when sales through March 2016 are included.

| Chart A: Sales and Use Tax Reports | |
|---|---|
| Date | Adjusted Gross Sales |
| May 2015 | $28,010 |
| June 2015 | $34,221 |

| | |
|---|---|
| July 2015 | $42,003 |
| August 2015 | $53,081 |
| September 2015 | $64,155 |
| October 2015 | $69,530 |
| November 2015 | $68,018 |
| December 2015 | $54,576 |
| January 2016 | $52,194 |
| February 2016 | $55,036 |
| March 2016 | $58,295 |
| Total: | $579,119 |

The deposits and additions to Defendant's Chase Bank account are listed in Chart B below and are based on Defendant's bank records attached as Exhibit B. The deposits and additions total $642,671.05 through February 2016.

| Chart B: Defendant's Chase Bank Deposits and Additions | | |
|---|---|---|
| Open | Close | Deposits and Additions |
| March 12, 2015 | March 31, 2015 | $20,000.00 |
| April 1, 2015 | April 30, 2015 | $42,022.55 |
| May 1, 2015 | May 29, 2015 | $25,888.83 |
| May 30, 2015 | June 30, 2015 | $42,094.92 |
| July 1, 2015 | July 31, 2015 | $52,348.15 |
| August 1, 2015 | August 31, 2015 | $52,704.47 |
| September 1, 2015 | September 30, 2015 | $68,426.85 |
| October 1, 2015 | October 30, 2015 | $72,337.02 |
| October 31, 2015 | November 30, 2015 | $75,519.03 |
| December 1, 2015 | December 31, 2015 | $68,263.00 |
| January 1, 2016 | January 29, 2016 | $61,360.13 |
| January 30, 2016 | February 29, 2016 | $61,706.10 |
| | Total: | $642,671.05 |

Attached as Exhibit C is an unsigned copy of what appears to be an incomplete federal tax return for 2015 for Tiger Brothers Food Mart, which indicates gross receipts of $415,099, cost of goods of $314,218, and gross profit of $100,881. The unsigned return further asserts deductions of $113,705, resulting in taxable income of $-10,143. No evidence that would

3

purportedly support costs or deductions has been provided to Plaintiff.  There is no evidence that the unsigned tax return is accurate.

Plaintiff has attempted to reconcile the three sets of data provided to no avail.  Looking at only the figures for 2015, as those numbers should match the federal tax return, Plaintiff is unable to determine the actual amount of sales.  Defendant allegedly reported gross receipts of $415,099 to the IRS for 2015. Defendant allegedly reported sales of $413,594 to Baton Rouge for 2015.  Deposits and additions to the Chase account in 2015 totaled $519,604.82.  This leaves $104,505.82 in unaccounted additions to the Chase account, likely sales that were apparently not reported to the IRS or Baton Rouge but should be included in calculating damages owed to Plaintiff.   Plaintiff respectfully requests that the Court deem all deposits into the Chase account to be sales of Defendant.

Because the infringement spanned into 2016 and should include all of Defendant's revenue, Plaintiff urges the Court to rely on the deposits and additions to the Chase account as the most accurate data set.  It is unclear how additions to the account could have been unrelated to revenue of the store.  Plaintiff asserts that he should be awarded $642,671.05.

## II. Attorney Fees

"[T]he Lanham Act provides for attorney fees, but only in "exceptional cases." 15 U.S.C. §1117." Rec. Doc. 27, page 12.  "The Fifth Circuit has defined "exceptional cases" as those where the defendant infringes the plaintiffs mark in bad faith-where the infringement is malicious, fraudulent, deliberate, or willful." Rec. Doc. 27, page 12.  "These instances of bad faith on the part of Defendant make this claim an "exceptional case" and entitle Plaintiff to attorney fees under 15 U.S.C. §1117." Rec. Doc. 27, page 13.

4

Attached as Exhibit D are invoices for Plaintiff's counsel up through November 30, 2016, verified with an Declaration of a managing member of the firm representing Plaintiff, attached as Exhibit E. As explained in the Declaration, Plaintiff asserts that the fees are reasonable and typical for a case of this nature. Please see the Summary of the AIPLA 2015 Report of the Economic Survey available at http://files.ctctcdn.com/e79ee274201/b6ced6c3-d1ee-4ee7-9873-352dbe08d8fd.pdf, from which some pages have been excerpted and attached as Exhibit I.

As explained in the attached Declaration, attorney fees in a trademark case where less than $1,000,000 is in dispute typically run around $150,000 in attorney fees for each party through the end of discovery (see page 38 of the Summary Report). As also explained in the Declaration, the hourly rates are typical and near the lower end of the spectrum. For example, Seth Nehrbass is a partner with over 30 years of intellectual property law experience – page 18 of the Summary Report indicates that the average hourly billing rates for partners in private firms with 25-34 years of experience are about $400-$580, while Seth Nehrbass's rate for this work has been $400 in 2015 and $420 in 2016; similarly, the associates working on this file include Vanessa D'Souza (over 8 years of IP experience), Mackenzie Rodriguez (about 7 years of IP experience), Anand Viswanathan (over 2 years of IP experience), and Mark Melasky (over 4 years of IP experience)). The attached page 21 of the Summary Report indicates that the average hourly billing rate for an associate in a private firm varies from about $210-300 per hour for those with fewer than 5 years of experience to about $250-380 per hour for attorneys with 5-6 years of IP experience to about $280-$410 for attorneys with 7-9 years of IP experience. The billing rates of the above associates ranged from $190 to $260 on the attached invoices (all below the averages mentioned above).

5

As the time entries in the attached invoices indicate, Plaintiff initially intended to cordially reach an agreement with Defendant to change the name of Tiger Brothers Food Mart, then incurred the costs of filing this lawsuit, an entry of default, moving for a default judgment, and several attempts to obtain information through discovery. Defendant is responsible at this time for all attorney fees up through and including the filing of this motion. Plaintiff's December time to prepare this motion and through the final disposition should also be included in the damages award. Through November 2016, Plaintiff has incurred over $69,478 in attorney fees and costs on this litigation through GSNN, as shown in the attached invoices, though is only seeking $69,478 of this at this time, as Plaintiff has chosen to redact out certain time entries to keep them confidential, and is willing to forego being reimbursed for them. Attached as Exhibit J are invoices from the Derbes Law Firm totaling $1,748 and a resume of the attorney who primarily worked on this case, Melanie Mulcahy. She was engaged to assist with collection efforts. It is respectfully submitted that these invoices are reasonable as well. With this amount added, the total attorney fees sought are $71,226.

### III. Conclusion

For the reasons explained above, Plaintiff respectfully submits that this Court should enter judgment in favor of Plaintiff and against Defendant, as follows:

(1) Making the March 22, 2016 Ruling and Order (Rec. Doc. 27) a Final Judgment;

(2) Awarding Plaintiff actual damages in the amount of $642,671.05;

(3) Awarding Plaintiff attorney's fees in the amount of $71,226 (through November 2016) for a total of $713,897.05 (to be increased after counsel for Plaintiff accounts for time for the remainder of this litigation);

(4) Awarding Plaintiff all costs of this litigation; and

(5) Awarding Plaintiff all other relief as may be just and equitable.

Date: December 5, 2016

        Respectfully submitted,

        */s/ Seth M. Nehrbass*_____
        Seth M. Nehrbass, Bar Roll No. 20,309, T.A.
        Vanessa M. D'Souza, Bar Roll No. 31,708
        Mackenzie D. Rodriguez, Bar Roll No. 32,428
        GARVEY, SMITH, NEHRBASS & NORTH, L.L.C.
         Three Lakeway Center, Suite 3290
        3838 North Causeway Boulevard
        Metairie, Louisiana 70002
        Tel: 504-835-2000
        Fax: 504-835-2070
        Email: SethNehrbass@gsnn.us
        Email: VanessaDSouza@gsnn.us
        Email: MackenzieRodriguez@gsnn.us
           **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 5th day of December, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing was sent to all counsel of record via the Court's electronic notifications system, or via electronic mail or U.S. Mail properly addressed and postage pre-paid.

        */s/ Seth M. Nehrbass*
        Seth M. Nehrbass