UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IMAD FAIEZ HAMDAN | CIVIL ACTION |
| VERSUS | NO. 15-412-BAJ-EWD |
| TIGER BROTHERS FOOD MART INC. | |

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR DAMAGES**

Before the Court is a Motion for Damages, filed by Imad Faiez Hamdan ("Plaintiff").[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part.** To the extent that Plaintiff seeks reasonable attorney's fees in the amount of $71,226, the Motion is **GRANTED in part** and Plaintiff is awarded $33,916.00 in reasonable attorney's fees. To the extent that Plaintiff seeks an award of $642,671.05 in damages, the Motion is **DENIED without prejudice** to Plaintiff re-filing the motion within 45 days of this Ruling and Order with sufficient information for the Court to conduct the analysis set forth in *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526 (5th Cir. 1998) to determine the appropriateness of an award of profits and, if appropriate, the proper calculation of such award. Defendant shall file a response, if any, within 21 days of Plaintiff re-filing the Motion for Damages.

   **I.   Background**

On June 24, 2015, Plaintiff filed a Complaint against Tiger Brothers Food Mart Inc. ("Defendant"), alleging trademark infringement in violation of Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition and trademark infringement, and violation

---

[1] R. Doc. 34.
[2] R. Doc. 40.

of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1405, *et seq.*[3] After Defendant failed to timely answer,[4] Plaintiff moved for an entry of default on July 22, 2015[5] and the Clerk entered default on July 27, 2015.[6] On October 21, 2015, Plaintiff filed a Motion for Entry of Default Judgment on his claims for trademark infringement, common law unfair competition and for violation of the LUTPA.[7] Plaintiff sought an injunction, an award of Defendant's profits and Plaintiff's damages and attorney's fees and costs.[8] On October 27, 2015, without requesting leave of court, Defendant filed an Answer.[9] On November 16, 2015, Plaintiff filed a Motion to Strike the Answer,[10] which the Court granted.[11]

On March 22, 2016, the District Judge issued a Ruling and Order granting Plaintiff's Motion for Entry of Default Judgment and finding that Plaintiff was entitled to a permanent injunction and attorney's fees under The Lanham Act.[12] With respect to Plaintiff's request for damages, the March 22 Ruling and Order concluded that, "Because Plaintiff has not alleged specific damages and Defendant's profits have not been calculated, a hearing is necessary to determine the appropriateness of awarding profits, and if appropriate, to calculate a just amount."[13] As a result, the matter was referred to the undersigned Magistrate Judge to conduct a hearing to

---

[3] R. Doc. 1.
[4] A purported Answer was originally filed on July 10, 2015, signed by Defendant's agent and officer, Eyad Khaled. (R. Doc. 6). However, because Khaled is not an attorney, it was improper for him to file an answer on behalf of Defendant, a corporate entity. (R. Doc. 8). Due to this deficiency, the Answer was stricken from the record on July 20, 2015. (*Id.*).
[5] R. Doc. 9.
[6] R. Doc. 10.
[7] R. Doc. 12.
[8] R. Doc. 12-1 at pp. 13-14.
[9] R. Doc. 13.
[10] R. Doc. 14.
[11] R. Doc. 26.
[12] R. Doc. 27 at pp. 11-13.
[13] *Id.* at p. 12.

2

determine the amount of monetary profits and damages, if any, due to Plaintiff and to determine the amount of the reasonable attorney fees to be awarded.[14]

A status conference was held on April 5, 2016 to discuss whether discovery was necessary with regard to the issues of Defendant's profits and Plaintiff's damages. The parties requested discovery on these issues and a deadline of July 5, 2016 was set to complete discovery.[15] That deadline was twice extended at the parties' request.[16]

After approximately five months to conduct discovery, Plaintiff filed the instant Motion for Damages on December 5, 2016, seeking a final judgment awarding Plaintiff damages of $642,671.05 and attorney's fees of $71,226.[17] Plaintiff asserts that he is entitled to Defendant's profits from the period during which Defendant was infringing Plaintiff's trademark, which was March 2015 through March 2016. Plaintiff claims that Defendant has provided copies of "Sales and Use Tax Reports submitted to Baton Rouge," bank statements from an account held at Chase Bank and an unsigned 2015 Federal Tax Return, all of which contain conflicting information regarding Defendant's profits from 2015 and 2016. Plaintiff asserts that the Sales and Use Tax Reports show that Defendant reported $579,119 for sales from May 2015 through March 2016,[18] while Defendant's bank statements from the account at Chase Bank show a total of $642,671.05 in deposits and additions made between March 2015 and February 2016.[19] Plaintiff further asserts that the unsigned copy of Defendant's 2015 Federal Tax Return, which appears incomplete, indicates gross receipts of $415,099, cost of goods of $314,218, gross profit of $100,881, and deductions of $113,705, resulting in taxable income of -$10,143.[20] Plaintiff claims that he has

---

[14] *Id.* at p. 14.
[15] R. Doc. 29.
[16] R. Docs. 31 and 33.
[17] R. Doc. 34 at p. 1.
[18] R. Doc. 34-1 at pp. 2-3 (*citing* R. Doc. 34-3).
[19] R. Doc. 34-1 at p. 3 (*citing* R. Doc. 34-4).
[20] R. Doc. 34-1 at pp. 3-4 (*citing* R. Doc. 34-5).

3

attempted to reconcile the three sets of information provided, to no avail. However, Plaintiff asserts that the most accurate information regarding Defendant's profits in 2015 and 2016 is contained in his bank statements from Chase Bank and "requests that the Court deem all deposits into the Chase account to be sales of Defendant."[21] As such, Plaintiff asserts he should be awarded $642,671.05 in damages.

Plaintiff also seeks $71,226 in attorney's fees, based upon the work performed by five attorneys at Garvey, Smith, Nehrbass & North, L.L.C ("GSNN") and one attorney from The Derbes Law Firm.[22] In support of his request for attorney's fees, Plaintiff submitted a Declaration of Seth Nehrbass, Plaintiff's lead counsel at GSNN, stating that the fees requested are reasonable and typical for a trademark infringement case of this nature based upon a portion of the American Intellectual Property Law Association Report of the Economic Survey 2015 ("2015 AIPLA Report"), which Plaintiff submitted with his Motion for Damages.[23] Relying upon the Declaration and the 2015 AIPLA Report, Plaintiff asserts that attorney fees in trademark cases with less than $1,000,000 in dispute (such as the instant case) typically average $150,000 for each party through the end of the discovery process.[24] Plaintiff further asserts that the hourly rates of his attorneys are typical and near the lower end of the spectrum set forth in the 2015 AIPLA Report for attorneys with similar experience handling intellectual property ("IP") matters. For example, Nehrbass, a partner with over 30 years of IP experience, billed at an hourly rate of $400 in 2015 and $420 in 2016, even though the average hourly billing rate for partners in private law firms with 25-34 years of IP experience is $400 to $580.[25] Plaintiff also claims that the four associate attorneys who

---

[21] R. Doc. 34-1 at p. 4.
[22] R. Doc. 34-1 at pp. 5-6 (*citing* R. Docs. 34-6 and 34-7).
[23] R. Doc. 34-7 (*citing* R. Doc. 34-11).
[24] R. Doc. 34-1 at p. 5 (*citing* R. Doc. 34-7 at p. 2 and R. Doc. 34-11 at p. 5).
[25] R. Doc. 34-1 at p. 5 (*citing* R. Doc. 34-11 at p. 2).

4

worked on his case, Vanessa D'Souza, Mackenzie Rodriguez, Anand Viswanathan, and Mark Melasky, have between two and eight years of IP experience and billed at hourly rates of $190 to $260, and the 2015 AIPLA Report shows that the hourly billing rate for associates in a private law firms with those levels of experience is between $210 and $410.[26] Plaintiff does not address the hourly billing rate of Melanie Mulcahy, an attorney from The Derbes Law Firm who was retained "to assist with collection efforts," but Plaintiff asserts that her fees are also reasonable.[27]

With respect to the number of hours billed by his attorneys, Plaintiff asserts the billing records show that Plaintiff initially tried to reach an agreement with Defendant to change the name of Tiger Brothers Food Mart, but due to Defendant's actions, Plaintiff subsequently incurred the costs of filing this lawsuit, seeking an entry of default, moving for a default judgment and several attempts to obtain information through discovery.[28] Plaintiff asserts that he has incurred over $69,478 in attorney's fees and costs in this litigation through November 2016, but that he is only seeking that amount because he "has chosen to redact out certain time entries to keep them confidential, and is willing to forego being reimbursed for them."[29] Plaintiff does not address the number of hours billed by Mulcahy of The Derbes Law Firm, but Plaintiff seeks reimbursement for $1,748 in attorney's fees billed by Mulcahy for her collection efforts. Thus, the total amount of attorney's fees sought by Plaintiff is $71,226.

In opposition, Defendant asserts Plaintiff is not entitled to damages or attorney's fees.[30] However, if the Court finds that Plaintiff is entitled to an award of Defendant's profits, Defendant

---

[26] R. Doc. 34-1 at p. 5 (*citing* R. Doc. 34-11 at p. 3).
[27] R. Doc. 34-1 at p. 6; *See,* R. Doc. 34-7 at p. 2.
[28] R. Doc. 34-1 at p. 6.
[29] R. Doc. 34-1 at p. 6. Although Plaintiff asserts that he is seeking less than the full amount of attorney's fees that he has incurred in this case, it is not readily apparent from the billing records how much Plaintiff has incurred in attorney's fees in pursuing this case. The undersigned only found two instance where a billing entry was revised to show $0 billed. (R. Doc. 34-6 at 14, 16).
[30] R. Doc. 40.

5

asserts that the best evidence of its profits is the tax return that shows Defendant suffered a loss in 2015. Defendant claims that it has attempted to gather any and all documents necessary to show that its business lost money in 2015 and 2016, but "due to circumstances beyond the control of Defendant and undersigned, it has been difficult to obtain and/or re-create."[31] Defendant asserts that it has retained an expert who will be available to testify at a hearing on the issue of Defendant's profits, but that the expert is currently serving as an expert on a case in Houston, Texas. Defendant further asserts that Plaintiff is not entitled to attorney's fees because this is not an "exceptional case" under The Lanham Act, and any alleged infringement by Defendant was not malicious, fraudulent, deliberate or willful.[32]

## II. Law and Analysis

### A. Recovery of Defendant's Profits and Plaintiff's Damages Under The Lanham Act, 15 U.S.C. § 1125

Upon a successful claim for false designation of origin under The Lanham Act, 15 U.S.C. § 1125(a), a plaintiff "shall be entitled" to recover: (1) defendant's profits; (2) any damages sustained by the plaintiff; and (3) the costs of the action. 15 U.S.C. § 1117(a). "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.* However, the award of profits under § 1117(a) is not automatic and is within the discretion of the court. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349 (5th Cir. 2002) (citing *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 131, 67 S.Ct. 1136, 91 L.Ed. 1386 (1947); *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526, 554 (5th Cir. 1998)). In

---

[31] *Id.* at p. 1.
[32] *Id.* at p. 2. The March 22, 2016 Ruling and Order of this Court has already established that an award of attorney's fees is appropriate in this case. *See,* R. Doc. 27 at p. 13 ("[T]hese instances of bad faith on the part of Defendant make this claim an 'exceptional case' and entitle Plaintiff to attorney fees under 15 U.S.C. § 1117.").

determining whether an award of profits is appropriate in a trademark infringement case, courts consider the following factors:

> (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

*Quick Techs., Inc.*, 313 F.3d at 349 (quoting *Pebble Beach Co.*, 155 F.3d at 554). According to the Fifth Circuit, "Great latitude is given the district court in awarding damages under The Lanham Act, 'which expressly confers upon the district judges wide discretion in determining a just amount or recovery for trademark infringement.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997) (quoting *Holiday Inns, Inc. v. Alberding*, 683 F.2d 931, 935 (5th Cir. 1982)).

While the parties in the instant case dispute the proper calculation of Defendant's profits, neither party has addressed *Pebble Beach Co.* or the six factors that the undersigned must consider in determining whether an award of Defendant's profits is even appropriate in this case. Because the parties have not provided any information to permit the undersigned to make a determination regarding the threshold issue of the appropriateness of awarding profits, the undersigned must defer ruling upon this issue until such information is provided. As such, to the extent that Plaintiff seeks an award of $642,671.05 in profits, the Motion for Damages is denied without prejudice to Plaintiff re-filing the motion within 45 days of this Ruling and Order and specifically addressing the six factors set forth in *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526 (5th Cir. 1998), regarding the appropriateness of an award of profits and the proper calculation of such award.

**B. Recovery of Attorney's Fees Under The Lanham Act, 15 U.S.C. § 1117**

In the March 22, 2016 Ruling and Order, the District Judge concluded that Plaintiff is entitled to attorney's fees under 15 U.S.C. § 1117, but referred the matter to the undersigned to determine the amount of reasonable attorney's fees to be awarded.[33]  The Fifth Circuit uses the "lodestar" method to calculate reasonable attorney's fees.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)).  Under the lodestar method, a court first determines the amount of reasonable attorney's fees by multiplying the number of hours reasonably expended on the litigation by the prevailing hourly rate in the community for similar work.  *Heidtman*, 171 F.3d at 1043 (citing *Fender*, 12 F.3d at 487).  The burden of demonstrating the reasonableness of the number of hours expended and the hourly rates charged falls on the fee applicant.  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

Once this calculation is made, the court may decrease or enhance the lodestar amount based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Heidtman*, 171 F.3d at 1043.  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.  However, "Many of these factors usually are

---

[33] R. Doc. 27 at 13-14.

subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate . . . and should not be double-counted." *Jason D.W. by Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citation omitted).

   **1. The Lodestar Amount**

Here, Plaintiff requests $71,226 in attorney's fees for the work performed by six attorneys, including Seth Nehrbass, Vanessa D'Souza, Mackenzie Rodriguez, Anand Viswanathan and Mark Melasky of GSNN, and Melanie Mulcahy of The Derbes Law Firm.[34] With the exception of Viswanathan, Plaintiff has provided evidence concerning the skill, qualifications and experience of his attorneys by providing a copy of their résumés.[35] Plaintiff also submitted billing statements and time records from GSNN for the period of March 12, 2015 through November 30, 2016, for which Plaintiff seeks $69,478 in attorney's fees.[36] Plaintiff similarly submitted billing statements and time records from The Derbes Law Firm, seeking to recover $1,748 for the work performed by Mulcahy between March 22, 2016 and October 31, 2016.[37]

The evidence shows that Nehrbass, a partner with approximately 30 years of IP experience, billed at an hourly rate of $400 in 2015 and $420 in 2016; D'Souza, an associate with approximately eight years of IP experience, billed at an hourly rate of $245 in 2015 and $260 in 2016; Rodriguez, an associate with approximately five years of IP experience,[38] billed at an hourly rate of $235 in 2015 and $260 in 2016; Melasky, an associate with over four years of IP experience, billed at an hourly rate of $190 in 2015 and $220 in 2016; Viswanathan, an associate whom Plaintiff claims has over two years of IP experience, billed at an hourly rate of $220 in 2015; and

---

[34] R. Doc. 34-1 at pp. 5-6.
[35] R. Docs. 34-10 and 34-13. According to the Declaration of Seth Nehrbass, Viswanathan's résumé was omitted "as he only billed .2 hours and is no longer with our firm." (R. Doc. 34-7 at p. 1).
[36] R. Doc. 34-6.
[37] R. Doc. 34-12.
[38] Although Plaintiff asserts Rodriguez has "about 7 years of IP experience," Rodriguez's résumé shows that she has only worked in IP law since June 2011. (R. Doc. 34-10 at p. 11).

Mulcahy, a member of The Derbes Law Firm with approximately 18 years of IP experience,[39] billed at hourly rates of $165 and $275 in 2016.[40]

### a. Reasonable Hourly Rates

Plaintiff has the burden of showing that his attorneys' hourly rates are reasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). With respect to the reasonable hourly rate, "the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'" *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community"). Additionally, "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'" *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quotation omitted).

While Plaintiff has provided information regarding the qualifications, skill and experience of his attorneys,[41] he has provided no information regarding the prevailing market rate for lawyers of similar skill, experience and reputation in the Middle District of Louisiana. Instead, Plaintiff argues that his attorney's fees are reasonable because they fall within the average hourly billing rates of partners and associates in private law firms with similar years of IP experience, as shown in the 2015 AIPLA Report.[42] Specifically, Plaintiff contends that Nehrbass, a partner with over

---

[39] R. Doc. 34-13.
[40] *See,* R. Docs. 34-6 and 34-12.
[41] R. Docs. 34-10 and 34-13.
[42] R. Doc. 34-11 at pp. 2-3.

10

30 years of IP experience, billed at a rate of $400 and $420 per hour even though the 2015 AIPLA Report shows that partners in private law firms with 25-34 years of IP experience typically bill between $400 and $580 per hour. Likewise, Plaintiff asserts that D'Souza, Rodriguez, Melasky and Viswanathan, associates with eight, five, four and two years of IP experience, respectively, billed at rates of $190 to $260 per hour, even though the 2015 AIPLA Report shows that associates in private law firms with similar years of IP experience typically bill at rates of $210 to $410 per hour.[43] Plaintiff also relies on the Declaration of Seth Nehrbass, his lead counsel, which states that the hourly rates billed by Plaintiff's attorneys in this case "are typical and near the lower end of the spectrum" of the average billing rates shown in the 2015 AIPLA Report.[44] Defendant has not challenged the reasonableness of the rates charged by Plaintiff's attorneys and merely asserts that "Plaintiff is not entitled to attorney fees."[45]

The Fifth Circuit has held that when an attorney's billing rate is not contested," it is *prima facie* reasonable." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). However, the Fifth Circuit has also held that, "[T]rial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *See, Davis v. Bd. of Sch. Comm'rs of Mobile County.,* 526 F.2d 865, 868 (5th Cir. 1976) ("This court has recently reaffirmed the principle that the district court is itself an expert in assessing [the hourly rate].") (citations omitted). Although the absence of affidavits from attorneys in the Middle District of Louisiana limits the Court's ability to determine the reasonableness of the rates, "the Court may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services."

---

[43] R. Doc. 34-1 at p. 5 (*citing* R. Doc. 34-11 at p. 3).
[44] R. Doc. 34-7 at p. 2.
[45] R. Doc. 40 at p. 2.

11

*MetroPCS v. Mohammed*, 3:16-CV-1946-L-BK, 2017 WL 2590108, at *9 (N.D. Tex. Apr. 24, 2017) (quoting *Areizaga v. ADW Corp.*, 2016 WL 3406071, at *5 (N.D. Tex. June 21, 2016)).

The 2015 AIPLA Report is not specific to Baton Rouge or even Louisiana generally and the rates requested by Plaintiff in this case are higher than rates previously sought and awarded in the Baton Rouge or New Orleans areas for attorneys with similar years of IP experience.[46] With respect to the prevailing rates in the Baton Rouge community, this Court has previously held that, "$300 represents a reasonable hourly rate even for an attorney with moderate training and experience in intellectual property law" and "falls well within the range of rates awarded in similar cases." *K&G Men's Co., Inc. v. Carter*, CIV.A. 10-309, 2010 WL 3718837, at *2 (M.D. La. Sept. 13, 2010) (citations omitted). In reaching that conclusion, this Court relied upon *Bd. Of Supervisors of Louisiana State Univ. v. Smack Apparel Co.*, a case from the Eastern District of Louisiana that addressed the prevailing market rates of attorneys with IP experience in the New Orleans area. CIV.A. 04-1593, 2009 WL 927996 (E.D. La. Apr. 2, 2009). In *Bd. Of Supervisors of Louisiana State Univ.*, the district court concluded that the following hourly rates "are at the top of the range of prevailing market rates for lawyers with comparable experience and expertise" in IP litigation in New Orleans: $325 for a partner with 10 years of IP experience and for an attorney with 29 years of experience but not in the particular field of IP law, $225 for an attorney with eight years of IP experience, $150 for an attorney with two years of IP experience and $140 for an attorney with one year of litigation experience and one year of federal appellate court law clerk experience. CIV.A. 04-1593, 2009 WL 927996, at *3-4. In *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, the same court recently concluded that the following requested hourly rates were reasonable

---

[46] Although Plaintiff filed this action in the Middle District of Louisiana, the billing records submitted with the Motion for Damages show that GSNN and The Derbes Law Firm are both located in Metairie, Louisiana. (R. Docs. 34-6 and 34-12).

12

for attorneys in the New Orleans area: $250 for an attorney with 16 years of experience, $200 for an attorney with nine years of experience, and $175 for an attorney with four years of experience. 838 F. Supp. 2d 516, 519-20 (E.D. La. 2012).[47] The court also concluded that the following hourly rates were reasonable for attorneys in the Houston area: $325 for an attorney with 28 years of experience, $200 for an attorney with 10 years of experience, and $175 for an attorney with three years of experience. *Id.*

In light of the foregoing case law, as well as Plaintiff's failure to provide any information regarding the prevailing market rates for attorneys in the Middle District of Louisiana with similar years of IP experience, the following hourly rates are reasonable in this case based upon the experience of Plaintiff's attorneys: $375 for Nehrbass (30 years of IP experience); $225 for D'Souza (eight years of IP experience); $175 for Rodriguez (five years of IP experience) and Melasky (four years of IP experience); and $150 for Viswanathan (two years of IP experience). For the same reasons, the undersigned finds that the hourly rates billed by Mulcahy of The Derbes Law Firm ($165 and $275 per hour) are also reasonable.

### b. Reasonable Number of Hours Expended

To determine the reasonable number of hours expended in a case, the party seeking attorney's fees must present adequately documented time records to the court. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) (citing cases). "As a general proposition, all time that is excessive, duplicative or inadequately documented

---

[47] Although the court in *Who Dat Yat Chat, LLC* did not specify whether the attorneys' experience was in IP law, the case involved a claim for trademark infringement. 838 F. Supp. 2d at 519-20.

13

should be excluded." *Bd. Of Supervisors of Louisiana State Univ.*, CIV.A. 04-1593, 2009 WL 927996, at *5 (citing *Watkins*, 7 F.3d at 457). In addition, "The plaintiffs are charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted). Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours. Plaintiffs submitting fee requests are required to exercise billing judgment." *Id.* (citation omitted). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Products Co., Inc*., 448 F.3d 795, 799 (5th Cir. 2006) (affirming a 10% reduction in the lodestar amount for plaintiff's failure to provide evidence of billing judgment); *See, Walker*, 99 F.3d at 799 (imposing a 15% reduction of the requested fees for failure to exercise billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (imposing a 13% reduction to the lodestar amount for failure to exercise billing judgment); *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (finding that a voluntary reduction of attorney's fees by 20% "is consistent with amounts reduced by courts when applicants have failed to provide evidence of their billing judgment."); *US Green Building Council, Inc. v. Wardell*, 3:14-CV-01541-M-BH, 2016 WL 3752964, at *9 (N.D. Tex. June 17, 2016) (reducing the lodestar amount by 15% for failure to exercise billing judgment).

Here, the billing statements from GSNN do not reflect the exercise of billing judgment. Instead, the records show an excessive amount of time between multiple individuals reviewing the same documents and discussing the case among themselves. *See*, *US Green Building Council, Inc.*, 3:14-CV-01541-M-BH, 2016 WL 3752964, at *9. For instance, Invoice No. 57645 shows

that Melasky drafted the original Complaint filed in this matter, which was reviewed and revised by and discussed with Nehrbass, Rodriguez and D'Souza on several occasions.[48] Invoice Nos. 60576 and 61573 similarly show that Melasky drafted a memorandum in support of a motion for default judgment, as well as declarations of Nehrbass and Eddie Hamdan, but that these documents were reviewed and revised eight times by Nehrbass and Rodriguez.[49] Likewise, Invoice No. 62383 shows that Melasky drafted a motion to strike Defendant's answer, which was reviewed and revised by Nehrbass and Rodriguez at least five times and discussed with Nehrbass and Rodriguez on five additional occasions.[50] The billing records also show that four GSNN attorneys reviewed the Answer filed by Defendant on July 10, 2016,[51] and three attorneys reviewed the Defendant's opposition to the Plaintiff's motion to strike Defendant's answer.[52] Further, virtually every invoice shows an overlap in billing entries where at least two, but sometimes three, attorneys billed for the same time spent discussing various matters in this case. As such, the number of hours requested should be reduced by at least 20% for Plaintiff's failure to exercise billing judgment.[53]

With respect to the billing records from The Derbes Law Firm, Plaintiff does not mention the number of hours expended by Mulcahy and merely requests an award of $1,748 in attorney's fees for the work performed by Mulcahy.[54] However, this amount appears to represent the total amount billed by three attorneys at The Derbes Law Firm.[55] The billing records from The Derbes Law Firm show that Mulcahy only billed 0.4 hours at a rate of $165 per hour and billed 4.8 hours

---

[48] R. Doc. 34-6 at pp. 3-4.
[49] R. Doc. 34-6 at pp. 11, 13-14.
[50] R. Doc. 34-6 at p. 16.
[51] R. Doc. 34-6 at p. 6.
[52] R. Doc. 34-6 at p. 18.
[53] As noted above, there are only two instances in 41 pages of billing records where any time was written off, despite what appears to be significant duplication of effort. (R. Doc. 34-6 at pp. 14 & 16). It is also evident that Plaintiff did not exercise billing judgment because he seeks to recover attorney's fees for the 0.2 hour billed by Anand Viswanathan, which is the only time entry submitted for Viswanathan. (R. Doc. 34-6 at 4).
[54] R. Doc. 34-1 at p. 6.
[55] *See*, R. Doc. 34-12 at p. 1.

15

at a rate of $275 per hour, for a total of $1,386.[56] Because the number of hours billed by Mulcahy do not appear to be redundant or excessive, the total amount of $1,386 billed by Mulcahy need not be reduced for Plaintiff's failure to exercise billing judgment.

While Plaintiff did not provide the total number of hours for which he seeks attorney's fees in this case, the Court has added up the hours reflected in the billing statements, "a task the Court should not have been required to undertake." *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 987 (S.D. Tex. 1997). The billing statements submitted by Plaintiff show that six attorneys billed a total of 290 hours between March 12, 2015 and November 30, 2016,[57] which includes time billed before and after this Court's March 22, 2016 Ruling and Order granting Plaintiff's request for a default judgment.[58] Other courts within this Circuit typically have not awarded such high attorney's fees for obtaining a default judgment unless the case was particularly complex, which has not been shown here. *See*, *Kryptek Outdoor Group, LLC v. Salt Armour, Inc.*, 1:15-CV-348, 2016 WL 7757267, at *8-9 (E.D. Tex. Mar. 28, 2016) (awarding $76,893.50 in attorney's fees and finding 220.95 hours of work "is a reasonable number of hours for a case alleging the infringement of four types of intellectual property (design patents, copyright, trademark, and trade dress), including three design patents and ten copyrighted works."); *See also*, *US Green Building Council, Inc. v. Wardell*, 3:14-CV-01541-M-BH, 2016 WL 3752964 (N.D. Tex. June 17, 2016) (where plaintiff requested $77,007.60 in attorney's fees for 221.8 hours, the court awarded $53,949.03 in attorney's fees after reducing the lodestar amount by 15% for failure to exercise billing judgment); *Christus Health Care Systems, Inc. v. American Consultants RX, Inc.*, SA:12-CV-1221-DAE, 2014 WL 1092096, at *7-8 (W.D. Tex. Mar. 18, 2014) (concluding that although 256.4 hours was not

---

[56] R. Doc. 34-12.
[57] R. Docs. 34-6 and 34-12.
[58] *See,* R. Doc. 27.

16

an exorbitant amount of time spent to obtain default judgment, plaintiff was only entitled to recover $75,793.89 in attorney's fees for 203.8 hours because a number of billing entries were unreasonable). None of these awards was from the Middle District of Louisiana.

The lodestar amount can be adjusted up or down based on what is reasonable under the circumstances of the specific case. *Christus*, 2014 WL 1092096, at *6 (quoting *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 793 (S.D. Tex. 2009)). "In this final adjustment, the most important factor is the degree of success obtained by the prevailing party." *Randolph,* 634 F. Supp. 2d at 793 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In copyright cases, the lodestar amount can also be adjusted based on the relative complexity of the litigation, the relative financial strength of the parties, the damages awarded, and whether the losing party acted in bad faith. *Randolph*, 634 F. Supp. 2d at 793 (citation omitted). Further, "When a party seeks attorney's fees for several claims, the general rule is that the party must 'segregate fees between claims for which they are recoverable and claims for which they are not.'" *Kryptek*, 2016 WL 7757267, at *6 (quoting *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007)). "Fees are not interrelated merely because facts are intertwined. Rather, 'it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Kryptek*, 2016 WL 7757267, at *6 (quoting *Navigant*, 508 F.3d at 298). "If a party fails to segregate, the district court may award a percentage of fees rather than denying recovery of fees completely." *Kryptek*, 2016 WL 7757267, at *6 (citing *Navigant*, 508 F.3d at 298).

Here, Plaintiff seeks to recover attorney's fees for approximately 198.5 hours billed prior to obtaining a default judgment on March 22, 2016, and for approximately 86.5 hours billed after

17

March 22, 2016.[59] A review of the billing records shows that a majority of the time entries from after March 22, 2016 are for research and discovery conducted in an attempt to determine the proper calculation of Defendant's profits, to which Plaintiff may be entitled under the Lanham Act. However, as previously discussed, there has not yet been a finding by this Court that Plaintiff is entitled to Defendant's profits. In the March 22 Ruling and Order, the District Judge concluded that, "Because Plaintiff has not alleged specific damages and Defendant's profits have not been calculated, a hearing is necessary to determine the appropriateness of awarding profits, and if appropriate, to calculate a just amount."[60] Further, the undersigned has concluded that Plaintiff has not provided sufficient information to determine whether Plaintiff is entitled to an award of profits under The Lanham Act. If the undersigned ultimately concludes that Plaintiff is not entitled to an award of Defendant's profits, Plaintiff may not be entitled to recover the reasonable attorney's fees incurred in support of that claim. As such, the attorney's fees requested must be segregated between the claims for which fees are presently recoverable (obtaining the default judgment) and the claims for which they are not (the request for Defendant's profits and Plaintiff's damages). Segregation is appropriate in this case because there is a clear demarcation between the attorney's fees incurred prior to March 22, 2016 to obtain the default judgment, and those incurred after March 22, 2016 to support the issue left unresolved by the March 22 Ruling and Order, namely whether Plaintiff is entitled to an award for Defendant's profits and Plaintiff's damages under 15 U.S.C. § 1125. As such, at this time Plaintiff is only entitled to recover attorney's fees for the 198.5 hours billed by his attorney's prior to March 22, 2016.[61]

---

[59] R. Docs. 34-6 and 34-12.
[60] R. Doc. 27 at 12.
[61] To the extent Plaintiff prevails on his claim for profits and/or damages, Plaintiff is not precluded from recovering attorney's fees associated with those claims.

Accordingly, Plaintiff is entitled to recover for the following hours expended by Plaintiff's attorneys prior to this Court's March 22, 2016 Ruling and Order on the Plaintiff's Motion for Default Judgment:

| Attorney Name | Hours Billed | Multiplied by Hourly Rate | Lodestar Amount | Lodestar Reduced by 20% |
|---|---|---|---|---|
| Seth Nehrbass | 29.1 | $375 | $10,912.50 | $8,730 |
| Vanessa D'Souza | 2.2 | $225 | $495 | $396 |
| Mackenzie Rodriguez | 10.7 | $175 | $1,872.50 | $1,498 |
| Mark Melasky | 156.3 | $175 | $27,352.50 | $21,882 |
| Anand Viswanathan | 0.2 | $150 | $30 | $24 |

Multiplying the hourly rates billed by the number of hours expended by the attorneys in this case, reduced by 20% for failure to exercise billing judgment, as reflected above, a total of $32,530.00 in attorney's fees is reasonable for the GSNN attorneys. In *K&G Men's Co., Inc. v. Carter*, this Court granted a plaintiff's request for the reasonable attorney's fees incurred prior to obtaining a default judgment, as well as plaintiff's request for "an additional $1,500.00 for anticipated attorney's fees in connection with the enforcement of the Court's judgment." ." *K&G Men's Co., Inc. v. Carter*, CIV.A. 10-309, 2010 WL 3718837, at *2-3 (M.D. La. Sept. 13, 2010). As such, the undersigned finds that Plaintiff is also entitled to the $1,386 in attorney's fees incurred for the work performed by Mulcahy of The Derbes Law Firm who "was engaged to assist with collection efforts."[62]  Plaintiff is therefore entitled to an award of $33,916.00 in reasonable attorney's fees, which constitutes the lodestar amount.

---

[62] R. Doc. 34-1 at p. 6.

### C. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Damages[63] is **GRANTED in part** and **DENIED in part.**  To the extent that Plaintiff seeks reasonable attorney's fees in the amount of $71,226, the Motion is **GRANTED in part** and Plaintiff is awarded $33,916.00 in reasonable attorney's fees.  To the extent that Plaintiff seeks an award of $642,671.05 in damages, the Motion is **DENIED without prejudice** to Plaintiff re-filing the motion within 45 days of this Ruling and Order with sufficient information for the Court to conduct the analysis set forth in *Pebble Beach Co. v. Tour 18 Ltd.*, 155 F.3d 526, 554 (5th Cir. 1998) to determine the appropriateness of an award of profits and, if appropriate, the proper calculation of such award.  Defendant shall file a response, if any, within 21 days of Plaintiff re-filing the Motion for Damages.

Signed in Baton Rouge, Louisiana, on July 14, 2017.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[63] R. Doc. 34.